## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LOUIS JAHMAL JONES,

      Petitioner,                      Civil No. 05-CV-71742-DT
                                           HONORABLE PAUL D. BORMAN
v.                                   UNITED STATES DISTRICT JUDGE

JAN E. TROMBLEY,

      Respondent,

_____/

## OPINION AND ORDER DENYING (1) THE PETITION FOR WRIT OF HABEAS CORPUS, (2) A CERTIFICATE OF APPEALABILITY, AND (3) LEAVE TO APPEAL IN FORMA PAUPERIS

Louis Jahmal Jones, ("petitioner"), presently confined at the Saginaw Correctional Facility in Freeland, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for first-degree murder, M.C.L.A. 750.316; and being a third felony habitual offender, M.C.L.A. 769.11. For the reasons stated below, the petition for writ of habeas corpus is **DENIED.**

## I. BACKGROUND

Petitioner was convicted of the above charges following a jury trial in the Genesee County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Jones,* 2003 WL 22113959 (Mich.Ct.App. September 11, 2003); *lv. den.* 470 Mich. 855; 679 N.W. 2d 74 (2004).

Petitioner now seeks the issuance of a writ of habeas corpus on the ground that the prosecutor impermissibly used his silence at the time of his arrest as substantive evidence

of his guilt, in violation of his Fifth Amendment right against self-incrimination.

## II.  <u>STANDARD OF REVIEW</u>

28 U.S.C. §2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

## III. <u>DISCUSSION</u>

Petitioner claims that the prosecutor impermissibly used his pre-arrest silence against him as substantive evidence of guilt.  Petitioner also appears to argue in the

alternative that the prosecutor impermissibly used his post-arrest, pre-*Miranda* silence against him as substantive evidence of guilt. [1]

In the present case, the prosecutor elicited testimony from the arresting officer that after being placed in handcuffs and while being taken to the police car, petitioner did not make any statements to the police or volunteer any information.  There is no indication from the record, nor is there any allegation from petitioner, that the police had advised petitioner of his *Miranda* warnings at this point in time. [2]

Petitioner testified at his trial.  Accordingly, this is a case where his silence was used against him by the prosecution for impeachment, rather than where a defendant does not testify and the prosecutor uses his silence as substantive evidence against him.

In reviewing and rejecting petitioner's claim for plain error, the Michigan Court of Appeals noted that the federal circuit courts of appeals were divided over whether custodial pre-*Miranda* silence could be used as substantive evidence of guilt and the United States Supreme Court had not ruled on the issue. *People v. Jones,* 2003 WL 22113959, * 1.  In light of the fact that the federal circuits were split on the issue, along with the evidence of petitioner's guilt, the Michigan Court of Appeals concluded that plain error requiring reversal did not occur. *Id.* at * 2.

---

[1] Respondent contends that petitioner's claim is procedurally defaulted, because petitioner failed to object at trial.  Petitioner appears to argue that any procedural default should be excused because of ineffective assistance of trial and/or appellate counsel.  Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of any of the defaulted claim, it would be easier to consider the merits of this claim. *See Cameron v. Birkett,* 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004).

[2] *Miranda v. Arizona,* 384 U.S. 436, 444 (1966).

It is not clear whether petitioner is arguing whether the prosecutor violated his pre-arrest silence, his post-arrest, pre-*Miranda* silence, or both. It makes no difference, for purposes of analyzing petitioner's claim, because petitioner would not be entitled to habeas relief under either theory.

First, it is unclear that "clearly established federal law" prohibits the use of a criminal defendant's pre-arrest silence as substantive evidence of guilt. In *Jenkins v. Anderson,* 447 U.S. 231, 238-39 (1980), the United States Supreme Court held that the Fifth Amendment, as applied to the states through the Fourteenth Amendment, is not violated by the use of a defendant's pre-arrest silence to impeach that defendant's credibility, since the "impeachment follows the defendant's own decision to cast aside his cloak of silence and advances the truth-finding function of the criminal trial." *Id.* However, the Supreme Court indicated that their decision in *Jenkins* did not consider whether or under what circumstances pre-arrest silence may be protected by the Fifth Amendment. *Id.* at 236, n. 2.

The Sixth Circuit, however, has held that the use of a defendant's pre-arrest silence as substantive evidence of guilt violates the Fifth Amendment privilege against self-incrimination. *Combs v. Coyle,* 205 F. 3d 269, 283 (6th Cir. 2000). However, the Sixth Circuit acknowledged that the Supreme Court in *Jenkins* never addressed the issue of whether the use of pre-arrest silence as substantive evidence violated the Fifth Amendment. *Id.* at 281. The Sixth Circuit further noted that the federal circuits that had considered the issue were "equally divided" over whether a defendant's pre-arrest

4

silence could be used as substantive evidence of guilt. *Combs,* 205 F. 3d at 282 (collecting cases).  Another judge in this district has held that a criminal defendant's pre-arrest silence is not afforded "conclusive protection." *Martin v. Jabe,* 747 F. Supp. 1227, 1233 (E.D. Mich. 1989).

A habeas court may only look at the holdings of the United States Supreme Court as they existed at the time of the relevant state court decision to determine whether the state court decision was contrary to, or an unreasonable application of, clearly established federal law. *Mitzel v. Tate,* 267 F. 3d 524, 530-31 (6th Cir. 2001).  A habeas court cannot look to the decisions of this circuit, or other courts of appeals, when deciding whether a state court's decision was contrary to, or an unreasonable application of, clearly established federal law. *Id.*

In the present case, the United States Supreme Court has not spoken dispositively on the issue of whether the use of a criminal defendant's pre-arrest silence as substantive evidence violates the Fifth or Fourteenth Amendments.  The Supreme Court's failure to rule on this issue, coupled with the "disagreement and confusion" among the federal courts concerning the resolution of this issue, precludes this Court from finding that the Michigan Court of Appeals' decision was an unreasonable application of clearly established federal law, where clearly established Supreme Court precedent on the issue of using pre-arrest silence as substantive evidence of guilt did not, and does not, exist. *See Worden v. McLemore,* 200 F. Supp. 2d 746, 752-53 (E.D. Mich. 2002).  In the lack of Supreme Court precedent on the use of a defendant's pre-arrest silence as substantive

evidence of guilt, the state trial court's admission of evidence of defendant's pre-arrest silence as substantive evidence of guilt was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent addressing the Fifth Amendment right to remain silent and the Fourteenth Amendment right to due process so as to warrant federal habeas relief. *See Mitchell v. Lafler,* 118 Fed. Appx. 24, 26-27 (6th Cir. 2004); *Cameron v. Birkett,* 348 F. Supp. 2d 825, 841-42 (E.D. Mich. 2004).

Likewise, the United States Supreme Court has not spoken dispositively on the issue of whether the use of a criminal defendant's post-arrest, pre-*Miranda* silence as substantive evidence violates the Fifth or Fourteenth Amendments.  Several circuits have held that it is permissible for a prosecutor to use a criminal defendant's silence after he or she is arrested, but before *Miranda* warnings have been given, as substantive evidence. *See United States v. Frazier,* 408 F. 3d 1102, 1111 (8th Cir. 2005) (holding that when no governmental action induced post-arrest, pre-*Miranda* silence, it could be introduced as evidence of guilt); *United States v. Rivera,* 944 F. 2d 1563, 1568 (11th Cir. 1991)(prosecution may comment on a defendant's post-arrest silence prior to *Miranda* warnings being given); *United States v. Love,* 767 F. 2d 1052, 1063 (4th Cir. 1985)(same); *Compare United States v. Moore*, 104 F. 3d 377, 385 (D.C.Cir. 1997)(introduction of defendant's pre-*Miranda* custodial silence violates the Fifth Amendment); *United States v. Whitehead* 200 F. 3d 634, 638 (9th Cir. 2000)(same).

In this case, the Michigan Court of Appeals' decision to uphold petitioner's conviction despite the use of any post-arrest, pre-*Miranda* silence as substantive

evidence was not contrary to or unreasonable application of clearly established federal law, and would not warrant federal habeas relief, when, at the time of petitioner's trial, the constitutionality of using a criminal defendant's post-arrest, pre-*Miranda* silence as substantive evidence had not been addressed by United States Supreme Court and was the subject of disagreement among the federal circuit courts. *See Narlock v. Hofbauer*, 118 Fed. Appx. 34, 35 (6th Cir. 2004); *See also Valentine v. Alameida*, 143 Fed. Appx. 782, 783 (9th Cir. 2005); *McNally v. Lafler*, 2006 WL 156322, * 3 (E.D. Mich. January 20, 2006). Petitioner is therefore not entitled to habeas relief on his claim.

## IV.  CONCLUSION

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901

7

(6th Cir. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson v. Smith,* 219 F. Supp. 2d 871, 885 (E.D. Mich. 2002).  The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## V.   ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner will be **DENIED** leave to appeal *in forma pauperis.*

> s/Paul D. Borman
> PAUL D. BORMAN
> UNITED STATES DISTRICT JUDGE

Dated:  February 13, 2007

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 13, 2007.

> s/Denise Goodine
> Case Manager

8